# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| IN RE:<br><br>PAMELA L. HAMM<br>    Debtor<br><br>PAMELA L. HAMM<br>    Plaintiff<br>v.<br><br>PATRICIA SHINN, ind & d/b/a<br>BRENTWOOD CLEANERS,<br>    Defendants | Case Number: 305-08379<br>Chapter 13<br>Hon. George C. Paine, II<br><br>Adv. No.: 307-0117A |

## MEMORANDUM

The matter under consideration in this chapter 13 case is the Complaint for Damages filed by the Debtor/Plaintiff Pamela L. Hamm (hereinafter "plaintiff" or "debtor"). Hamm alleges that the Defendant, Patricia Shin individually and d/b/a Brentwood Dry Cleaners (hereinafter collectively "Defendant"), terminated her employment for the sole reason that she had sought relief under the Bankruptcy Code and, thereby, violated 11 U.S.C. § 525(b). Plaintiff seeks damages in an amount of not less than $250,000.00 plus reasonable attorney fees for commencing this action. After hearing the proof, the court finds that the plaintiff failed prove discrimination by a preponderance of the evidence. The court, therefore, dismisses the plaintiff's adversary proceeding. The following constitutes the court's findings of fact and conclusions of law.

The parties stipulated to the following facts:

1. Pursuant to 28 U.S.C. § 1334, this Court has jurisdiction over this adversary proceeding in the Chapter 13 case of Pamela L. Hamm, Case No. 05-08379-GP3-13, now pending in this Court. This is a core proceeding under 28 U.S.C. § 157.

2. The Debtor commenced this case by filing a petition for relief under Chapter 13 of Title 11 U.S.C. with the Clerk of this Court on July 15, 2005.

3. On August 16, 2005, this Court entered an Order confirming the Debtor's Chapter 13 plan ("the Confirmation Order").

4. Plaintiff's Chapter 13 Bankruptcy Case was dismissed by Order of the Court entered on August 22, 2007.

5. On January 16, 2007, Brentwood Cleaners employed the Debtor in the occupation of "customer service." At no time during the interview process, did Patricia Shin or any other representative of Brentwood Cleaners ask the Debtor whether she had ever filed bankruptcy or if she was currently in a Chapter 13 bankruptcy case. Also, the written application for employment did not ask the Debtor whether she had ever filed bankruptcy or if she was currently in a Chapter 13 bankruptcy case.

6. On February 14, 2007, this Court entered an Order to Pay Trustee directed to the Defendant.

7. On March 3, 2007, Defendant Patricia Shin, as manager of Brentwood Cleaners terminated the Debtor's employment.

8. On March 5, 2007, Defendant Patricia Shin completed a State of Tennessee, Department of Labor and Workforce Development, Division of Employment Security, Separation Notice.

9. In enumerated Paragraph 5 of this Separation Notice, Defendant Shin stated that the reason for separation was "Discharge" and that the separation was "Permanent."

11 U.S.C. § 525 provides in relavant part:

No private employer may terminate the employment of, or discriminate with respect to employment against, an individual who is or has been a debtor under this title, a debtor or bankrupt under the Bankruptcy Act, or an individual associated*85 with such debtor or bankrupt, solely because such debtor or bankrupt-

    (1) is or has been a debtor under this title ... or the Bankruptcy Act;

    (2) has been insolvent before the commencement of a case

> under this title or during the case but before the grant or denial of a discharge; or
>
> (3) has not paid a debt that is dischargeable in a case under this title or that was discharged under the Bankruptcy Act.

11 U.S.C. § 525(b). An essential element of a claim under this section is that the employee's insolvency, the filing of bankruptcy or the discharge of his debts is the sole reason for discriminatory treatment by an employer. ***White v. Kentuckiana Livestock Market, Inc., (In re White)***, 397 F.3d 420 (6th Cir. 2005). ***See also, In re Hopkins,*** 66 B.R. 828, 831 (Bankr.W.D.Ark.1986); ***In re Hicks***, 65 B.R. 980, 983 (Bankr. W.D.Ark .1986). ***See also In re Helms***, 46 B.R. 150, 154 (Bankr. E.D.Mo. 1985) (construing 11 U.S.C. § 525(a)). An employer may dismiss an employee for any cause unrelated to the employee's recourse to the bankruptcy laws. ***In re Terry***, 7 B.R. 880, 881 (Bankr.E.D.Va.1980) (construing 11 U.S.C. § 362). In this case, plaintiff's claim is defeated by a showing that her bankruptcy status was not the sole reason for her termination.

In addition to the Stipulations, the court heard testimony from the debtor, the defendant and several of defendant's corroborating witnesses. While both the debtor and the defendant provided credible testimony, the debtor was unable to establish, by a preponderance of the evidence, that the defendant terminated her employment "solely" due to her bankruptcy filing.

The defendant's cogent testimony amply explained the reasons for the debtor's termination, including disruptive behavior, frequent crying spells at work, and making other employees and customers uncomfortable. Mrs. Shin testified that the "straw that broke the camel's back" was when she found out the debtor had asked a teenage employee to have her father/physician fill some prescription medication with samples. The defendant also provided a believable explanation as to why the termination notice

stated that the debtor was discharged for failure to disclose her bankruptcy during the application and interview process. The defendant testified that she was told this reason by a State of Tennessee employee, and that she was attempting to help the plaintiff in her future employment and trying not to effect the plaintiff's ability to receive unemployment benefits. The court found Mrs. Shin's testimony credible.

Under the Sixth Circuit's ***Kentuckiana*** decision, plaintiff's burden is admittedly difficult. ***See Kentuckiana***, at 426 ("It is true that the decision of Congress to include the words "solely because" in § 525(b) makes it harder for a plaintiff to prove bankruptcy discrimination . . . "). The proof in this case did not even closely approach meeting that benchmark. Although the Separation Notice alone would prove the requisite discrimination against the plaintiff, the remaining evidentiary and testimonial proof did not support the plaintiff's allegation that she was discharged solely due to her bankruptcy. In fact, the proof was quite strongly indicated to the contrary. The defendant established that the plaintiff was discharged for reasons other than her bankruptcy. Even if her bankruptcy did in fact play some role in her discharge, it was not the sole reason for her discharge, and therefore the plaintiff's claim pursuant to 11 U.S.C. § 525(b) must fail.

The court, therefore DISMISSES plaintiff's adversary complaint. The court instructs counsel for defendant to prepare an order not inconsistent with this Memorandum within ten (10) days of entry of the Memorandum.

It is, THEREFORE, so ordered.
This ____ day of January, 2008.

***THIS MEMORANDUM WAS SIGNED AND
ENTERED ELECTRONICALLY AS INDICATED
AT THE TOP OF THE FIRST PAGE.***

4-U.S. Bankruptcy Court, M.D. Tenn.